IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| New Grange, Inc., a Minnesota Corporation, David Ahern, an individual, Brian Jaedike, an individual, and Cuchulainn, Inc., a Minnesota corporation,<br><br>     Plaintiffs,<br><br>   v.<br><br>The Melting Pot Restaurants, Inc., a Florida corporation,<br><br>     Defendant. | Civil Action No. 08-CV-916 JMR/FLN |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT

### INTRODUCTION

  Defendant The Melting Pot Restaurants, Inc. ("MPRI") submits this Memorandum in Support of its Motion for Enlargement of Time to Respond to Plaintiffs' Complaint. On April 4, 2008, MPRI filed a Motion to Compel Arbitration and for Stay. In that Motion, MPRI also requested that the Court "stay the requirement that Defendant answer or otherwise plead to Plaintiffs' Complaint until the Court rules on this Motion."[1] MPRI's Motion remains pending and is scheduled to be heard on April 28, 2008. But Plaintiffs have taken the inconsistent positions that while MPRI's motion is dispositive of this entire case, it is also nondispositive, such that MPRI should incur the unnecessary expense to respond to Plaintiffs' Complaint or be called in default.

---

[1] Docket No. 12.

## ARGUMENT

MPRI attempted to resolve this issue before bringing this motion, but Plaintiffs would not agree to MPRI's request for an extension of time. It only makes sense to decide MPRI's motion to compel arbitration first before requiring MPRI to respond. If the motion is granted, there will be no need to respond. And if it is not granted, Plaintiffs suffer no prejudice if MPRI responds to the Complaint after the Court rules.

Under Rule 6(b), the Court may enlarge the time for MPRI to respond to Plaintiffs' Complaint, as this request was made before the time to respond expired. Although MPRI previously moved to stay these proceedings pending arbitration, a motion to stay judicial proceedings pending arbitration is generally considered outside the ambit of "Rule 12(b) motions that suffice as responsive pleadings in lieu of answers."[2] But "courts have traditionally entertained certain types of pre-answer motions not specifically provided for in the Federal Rules of Civil Procedure"[3] so as to avoid needless expense and to promote "the effective utilization of judicial resources."[4] Courts have also routinely denied default applications when a defendant first moves to stay proceedings pending arbitration.[5]

In *P.S.I. Nordick Track, Inc. v. Great Tan, Inc.*,[6] this Court was faced with a similar situation in which the defendant moved to stay or dismiss the case pending

---

[2] *Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985).

[3] *Id. See also Creative Tile Mkg., Inc. v. Sicis Int'l, S.r.L.*, 922 F. Supp. 1534, 1537 n.1 (S.D. Fla. 1996) (same).

[4] *Intravascular Research, Ltd. v. Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998).

[5] *See Pay-Fone*, 627 F. Supp. at 122; *Creative Tile*, 922 F. Supp. 1534.

[6] 686 F. Supp. 738, 739 (D. Minn. 1987).

resolution of another related court action. At the same time, the plaintiff moved for a default judgment because the defendant had not answered or raised any Rule 12(b) defenses. This Court granted the stay and denied plaintiff's motion, noting that the plaintiff's approach merely served "to obscure the essential question of whether th[e] action is the most appropriate arena" for the litigation to be waged.[7] The same conclusion should also be reached in this case—MPRI should not be required to answer or otherwise respond until after its motion to compel arbitration and for stay is decided.

## CONCLUSION

For the foregoing reasons and in an abundance of caution, Defendant The Melting Pot Restaurants, Inc. respectfully requests that the Court enter an order enlarging the time for it to respond to Plaintiffs' Complaint until the tenth day following the Court's ruling on MPRI's Motion to Compel Arbitration and for Stay.

Dated: April 14, 2008

By   s/ Sonya R. Braunschweig
Robert J. Pratte, Bar No. 8802X
Sonya R. Braunschweig, Bar No. 290282
DLA PIPER US LLP
90 South Seventh Street, Suite 5100
Minneapolis, Minnesota  55402
Telephone: 612.524.3000
Facsimile:  612.524.3001
robert.pratte@dlapiper.com
sonya.braunschweig@dlapiper.com

Attorneys for Defendant The Melting Pot Restaurants, Inc.

CHGO1\31187858.1

---

[7]   Id.