UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| New Grange, Inc., et al., | Civil No. 08-916 (JMR/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| The Melting Pot Restaurants, Inc., | |
| Defendant. | |

Benjamin R. Skjold, Christopher P. Parrington, and Jeffery S. Haff for Plaintiffs.
Christian C. Burden for Defendants.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 28, 2008, on Defendant's Motion to Compel Arbitration and for Stay [#12]. The matter is before the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons which follow, this Court recommends Defendant's Motion be denied.

**I.    FINDINGS OF FACT**

Plaintiffs are a franchisee of a Melting Pot Restaurant in Minneapolis, Minnesota. Defendant is a corporation that licenses Melting Pot Restaurants. The relationship between Plaintiffs and Defendant is governed by The Melting Pot Restaurants, Inc. Franchise License ("License"). The License contains the following provisions:

___

[1] The Plaintiffs argue that this motion is not properly before the Court because it is a dispositive motion that must be considered by the District Court Judge under a 45-day briefing schedule. The Court rejects Plaintiffs position. Plaintiffs have made no claim that the briefing schedule has caused any prejudice. To the contrary, Plaintiffs filed their memorandum five days early. The undersigned has prepared a Report and Recommendation as is the practice for a motion to compel arbitration. *See Kothari v. Rainforest Café, Inc.*, Civil No. 01-877 (JMR/FLN), Docket No. 16.

17.   ENFORCEMENT

. . .

C.   SPECIFIC PERFORMANCE/INJUNCTIVE RELIEF
Nothing herein contained shall bar a party's right to obtain specific performance of the provisions of this License and injunctive relief against threatened conduct that will cause it loss or damage under customary equity rules, including applicable rules for obtaining restraining order and preliminary injunctions. Both parties agree that the other party may have such injunctive relief, in addition to such further and other relief as may be available at equity or law, and the sole remedy of the other party, in the event of such injunction, shall be the dissolution of such injunction, upon hearing duly had (all claims for damages solely by reason of the wrongful issuance of any such injunction will be limited to the amount of any bond required by the court – but no other claims for damages will be affected including any claims for breach, or wrongful termination, of this License and the amount of any bond will not limit such claims).

. . .

19.   ARBITRATION

A.   AGREEMENT TO ARBITRATE
Except for claims (as defined below) related to or based on the Marks (which at COMPANY's sole option may be submitted to any court of competent jurisdiction) and except as otherwise expressly provided [in] this License, any litigation, claim, dispute, suit, action, controversy, proceeding or otherwise ("Dispute") between or involving FRANCHISEE and COMPANY (and/or involving FRANCHISEE and/or any claim against or involving any of COMPANY's affiliates, shareholders, directors, partners, officers, employees, agents, attorneys, accountants, affiliates, guarantors or otherwise), which are not resolved within 45 days of notice from either FRANCHISEE or COMPANY to the other, will be submitted to arbitration to the office of the American Arbitration Association closest to the COMPANY's headquarters. The arbitration will be conducted by the American Arbitration Association pursuant to its Commercial Arbitration Rules. The parties to any arbitration will execute an appropriate confidentiality agreement, excepting only such disclosures and filings as are required by law.

. . .

C.   AWARDS AND DECISIONS
The arbitrator will have the right to award any relief which he deems proper in the circumstances, including, for example, money damages (with interest on unpaid amounts from their due date(s)), specific performance, temporary and/or

2

>permanent injunctive relief, and reimbursement of attorneys' fees and related costs to the prevailing party. The arbitrator will not have the authority to award exemplary or punitive damages. The award and decision of the arbitrator will be conclusive and binding and judgment on the award may be entered in any court of competent jurisdiction. The parties acknowledge and agree that any arbitration award may be enforced against either or both of them in a court of competent jurisdiction and each waives any right to contest the validity or enforceability of such award. Without limiting the foregoing, the parties will be entitled in any such arbitration proceeding to the entry of an order by a court of competent jurisdiction pursuant to an opinion of the arbitrator for specific performance of any of the requirements of this License. Judgment upon an arbitration award may be entered in any court having jurisdiction and will be binding, final, and non-appealable.
>
>D.   SPECIFIC PERFORMANCE
>Nothing in this License bars either party's rights to obtain specific performance of the provisions of this License and injunctive relief against threatened conduct that will cause the other party loss or damage, under customary equity rules, including applicable rules for obtaining restraining orders and preliminary injunctions, by application to the court of competent jurisdiction. Both parties agree that the other party may have injunctive relief, without bond, but upon due notice, in addition to such further and other relief as may be available at equity, or law, and such party's sole remedy, in the event of the entry of such injunction, will be the dissolution of such injunction, if warranted, upon hearing duly had (all claims for damages solely by reason of the wrongful issuance of any such injunction will be limited to the amount of any bond required by the arbitrator – but no other claims for damages will be affected including any claims for breach, or wrongful termination, of this License and the amount of any bond will not limit such claims).

Complaint, Ex. A.

Plaintiffs claim that the Defendant has wrongfully refused to award them a franchise location in Woodbury, Minnesota. Plaintiffs initially brought this action in state court seeking both monetary and injunctive relief. Defendant removed this action to this Court. Plaintiffs have a pending Motion for a Temporary Injunction [#5] scheduled to be heard before Chief Judge Rosenbaum on May 9, 2008. The parties agree that following the Motion for a Temporary Injunction, this dispute will be submitted to arbitration. (Pls.' Mem. in Supp. of Temp. Inj., Docket No. 7, 17.) The only question before the undersigned is whether this matter must be submitted to arbitration prior to the Court's

consideration and decision on the Plaintiffs' Motion for a Temporary Injunction.

**II.     LEGAL ANALYSIS**

Defendant claims that the arbitration clause of the License requires all of Plaintiffs' claims, including the injunctive claims to be decided in arbitration. "In a motion to compel arbitration, the Court is required to determine whether: (1) a valid agreement to arbitrate exists between the parties; and (2) the specific dispute is within the scope of that agreement." *Eco Water Sys., LLC v. Kris, Inc.*, Civil No. 06-3105 (DSD/JJG), 2007 WL 1321851, at *3 (D. Minn. 2007) (citing *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868 (8th Cir. 2004). Plaintiffs do no dispute that a valid agreement to arbitrate exists, instead Plaintiffs argue that a claim for injunctive relief is explicitly outside the scope of the arbitration agreement.

Under Section 19.D. of the License, nothing in the License bars a party from seeking injunctive relief "by application to the court of competent jurisdiction." Defendant argues that Section 19.D. does not permit Plaintiffs to bring an injunctive claim in this Court, but rather only provides a mechanism to allow a party to confirm an arbitrator's award of injunctive relief. However, Section 19.C. empowers the arbitrator to grant injunctive relief and permits the parties to seek enforcement of that injunction in the court of competent jurisdiction. Defendant's suggested reading of Section 19.D would make it completely redundant to Section 19.C. Section 19.D. clearly states that a party may seek injunctive relief in "the court of competent jurisdiction" and any other reading of that provision would render other provisions of the arbitration clause meaningless.

Defendant correctly points out that paragraph 19.D. makes reference to the "amount of any bond required by the arbitrator," as the limit of any damages incurred solely by reason of any wrongful issuance of an injunction. However, paragraph 17C, entitled "Specific

4

Performance/Injunctive Relief," limits such damage claims to the "amount of any bond required by the court." The Court concludes that the parties expressly contemplated that both parties retained the power to seek judicial injunctive relief against threatened conduct that would cause either party loss or damage, before submitting the dispute to arbitration.

Defendant's motion to compel arbitration before a hearing on Plaintiffs' request for injunctive relief must be denied.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Compel Arbitration and for Stay [#12] be **DENIED**.

DATED: April 30, 2008         s/ *Franklin L. Noel*
                              FRANKLIN L. NOEL
                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 16, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 16, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.